NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

KATHERINE PARKER, et al.      )
                                      )
                Plaintiffs,    )                                                                                                                                       Hon. Harold A. Ackerman
                                      )
      vs.                            )
                                      )                            Civil Action No. 96-3774 (HAA)
GENERAL ELECTRIC CO., et al.    )                            Five Consolidated Actions
                                      )
             Defendants.    )                      **OPINION AND ORDER**
_____ )

**ACKERMAN, Senior District Judge:**

This action is presently before the Court as a result of this Court's <u>sua</u> <u>sponte</u> request for briefing on the propriety of this Court's continuing jurisdiction over pendent state law claims in several consolidated actions.

### *Background*

The above-captioned action was consolidated with four other actions involving claims of environmental contamination at property located at 720-232 Grand Street, Hoboken, New Jersey (the "Consolidated Actions").[1]  Two of the cases comprising the Consolidated Actions are now closed as the result of settlement agreements embodied in two Consent Decrees entered by this

---

[1]  The Consolidated Actions comprise two suits, *United States v. Pascale*, Civ. No. 03-3134 and *United States v. Gen.  Elec.*, Civ. No. 03-4668, filed by governmental entities, as well as three actions filed by private parties against various defendants, captioned *Parker v. Gen. Elec. Co.*, Civ. No. 96-3744; *Grand Street Artists v. The General Elec. Co.*, Civ. No. 96-3775; and *Mastromauro v. Gen. Elec. Co.*, Civ. No. 97-1123.

Court.  Those actions concerned claims filed against General Electric Company ("GE") (a successor to a former owner of the property) and other defendants by the State of New Jersey and the United States under the respective state and federal environmental laws, including the New Jersey Spill Compensation and Control Act ("Spill Act") and the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").  The remaining three actions were filed by private parties asserting, *inter alia*, claims against GE and various defendants for violations of CERCLA and the Spill Act, as well as claims for personal injuries based on New Jersey common law (the "Private Party Actions").  The Private Party Actions are still ongoing, and concern only personal injury claims at this point, as all environmental claims originally filed therein have been settled by the Consent Decrees and dismissed.

The facts relating to the Consolidated Actions have been recounted at length in previous opinions of this court, and in the papers of the parties.  As this is an unpublished decision, and the parties are fully familiar with the facts, this opinion will omit a detailed recitation of factual background and refer interested parties to the prior opinions of this Court.

### *Analysis*

It is undisputed that all causes of action asserted in the Consolidated Actions have been resolved except for Plaintiffs' remaining personal injury claims against GE based on strict liability under New Jersey common law.  This Court's jurisdiction over the Consolidated Actions was initially premised upon the assertion of CERCLA claims.  With the entry of the Consent Decrees, the parties have resolved all of the CERCLA claims pending in the Consolidated Actions, and this Court is faced with the question of whether to continue to exercise supplemental jurisdiction over the Plaintiffs' remaining state law-based personal injury claims.

On August 21, 2006, this Court requested briefing regarding the advisability of retaining jurisdiction over the remaining state law-based claims in view of the dismissal of all federal claims as a result of the parties' settlements and the Consent Decrees.  GE submitted a brief arguing that this Court should retain jurisdiction over the remaining claims for reasons of judicial economy, efficiency and to avoid alleged prejudice to GE arising from the burden of relitigating the personal injury claims in various state actions should dismissal of the remaining claims occur.  Certain Plaintiffs responded, arguing that it is both appropriate and within this Court's discretion to dismiss the remaining personal injury claims because the CERCLA claims that initially provided a basis for federal subject matter jurisdiction have now been dismissed as a result of the Consent Decrees, and because GE's concerns about delay and a multiplicity of litigations are not well-founded.

Under 28 U.S.C. § 1367(c), a district court may, in its discretion, decline to exercise supplemental jurisdiction over a claim if any of four enumerated conditions are met:

(1)     the claim raises a novel or complex issue of State law;

(2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3)     the district court has dismissed all claims over which it has original jurisdiction; or

(4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); see also *Growth Horizons, Inc. v. Del. County*, 983 F.2d 1277, 1284 (3d Cir. 1993) (emphasizing that the exercise of discretion to decline jurisdiction is appropriate when any of the four conditions of 28 U.S.C. § 1367(c) is met).

With respect to all of the Consolidated Actions, the claims over which this Court had original jurisdiction (i.e. the federal CERCLA claims) have all been dismissed. Thus, 28 U.S.C. § 1367(c)(3) has been fulfilled, thereby permitting this Court to exercise discretion in deciding whether to retain or decline jurisdiction over the remaining state-law personal injury claims. A decision to decline jurisdiction over the remaining state law-based claims is consistent with existing precedent in this Circuit: "the rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed, the case no longer belongs in federal court." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990). Indeed, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

GE argues that concerns for judicial economy, convenience and fairness to the parties militate in favor of this Court retaining jurisdiction over the pendent claims. First, GE asserts that should the Private Party Actions be dismissed, and the plaintiffs be permitted to refile the personal injury actions in state court, GE would be prejudiced by the risk of defending against a multiplicity of actions in multiple venues, possibly as many as thirty-five separate actions in various states.

This Court is unmoved by this argument. The Certain Plaintiffs, twenty-eight in number, who have responded to the call for briefing on this issue indicate that they would refile their personal injury claims in Hudson County, New Jersey, and while this representation is no guarantee that any refiled claims would be venued in Hudson County, New Jersey, the prospect

of multiple venues nevertheless seems unlikely in light of the Certain Plaintiffs' assertion. Moreover, the more than three dozen plaintiffs in the Consolidated Actions have contented themselves to join with similarly situated others to bring no more than three actions in this Court, which were willingly consolidated for all purposes.  That being so, there is no reason to believe that each of the individual plaintiffs would now choose to file individual actions in state court, especially since most of them appear to be jointly represented by only a handful of law firms. Even if the refiling of the personal injury claims resulted in the commencement of multiple actions, this Court is confident that consolidation of such actions would be a benefit to both the parties and the state courts, and a request for consolidation of any refiled actions would no doubt be effected upon request of any of the parties.

GE also asserts that this Court should retain jurisdiction, stressing the considerable time and effort that has been expended by the parties and this Court in terms of motion practice, substantive decisionmaking and discovery proceedings since the inception of these cases. However, this argument is flawed, as the time and effort that has been expended by this Court and the parties has been unrelated to the personal injury claims still pending.  While there have been substantive decisions by this Court with respect to discovery proceedings or regarding the scope and nature of the environmental claims in the Consolidated Actions, none of those decisions has concerned issues implicated by the surviving claims, i.e., GE's strict liability for personal injuries allegedly suffered by the plaintiffs.

Additionally, the fact that these actions have been pending in this Court for over ten years, and the fact that extensive discovery has occurred during that time, does not compel a finding that GE would suffer prejudice should the pendent claims be dismissed.  As noted by the

Certain Plaintiffs, the parties are free to utilize the existing discovery they have secured in this action to pursue or defend against any refiled state law claims in state court, and no prejudice occurs from dismissal of state-law claims due to lack of jurisdiction where "a trial has not been had, and the District Court cannot render judgment on [the] state law claims without further litigation." *Annulli v. Panikkar*, 200 F.3d 189, 203 n.14 (3d Cir. 1999).  Thus, GE's argument on this point is unavailing.

In light of the above considerations, this Court declines to exercise pendent jurisdiction over the remaining state-law claims in the Private Party Actions.  The Private Party Actions, the only viable components of the original Consolidated Actions, will be dismissed without prejudice to refiling of the personal injury claims in state court, and the summary judgment and other substantive motions currently pending on the Court's docket will be administratively terminated on the docket.

However, Certain Plaintiffs have requested that this dismissal not occur until this Court holds friendly hearings to approve the settlement of the environmental claims as to certain minor plaintiffs.  Such hearings are necessary to permit the distribution of settlement funds currently held in the Court's account for the benefit of such minor plaintiffs.  Certain Plaintiffs have requested that they be granted the opportunity to submit applications for friendly hearings to approve the settlements for the minor plaintiffs.  Accordingly, Certain Plaintiffs' request for delay of dismissal will be granted for twenty-one days to allow counsel to submit an Order requesting and scheduling friendly hearing proceedings regarding the distribution of settlement payments to the minor plaintiffs.

*Conclusion*

For the aforementioned reasons it is hereby ORDERED on this 25th day of September 2006 that the remaining personal injury claims in the Private Party Actions shall be dismissed on October 17, 2006 without prejudice to refiling in state court.  It is further ORDERED that in the interim, plaintiffs shall formally apply for friendly hearings to consider and approve the settlement of claims by certain minor plaintiffs, and to allow for the distribution of settlement funds currently held by the Court in escrow for such minor plaintiffs.  It is further ORDERED that the Clerk shall mark all pending motions in the above-captioned action as administratively terminated upon the docket.[2]

Newark, New Jersey
Date: September 25, 2006                                    s/ Harold A. Ackerman, U.S.D.J.

---

[2]  Those motions consist of the following docket items in the above-captioned action (Civ. No. 96-3774): docket numbers 366, 367, 368, 369 and 370 (motions for summary judgment); docket number 371 (motion to have the court abstain from ruling on summary judgment motions); and docket number 372 (motion to strike).